# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JAMES L. TATE, JR.,**
**D.O.C. # 874132,**

    Plaintiff,

vs.                                                    Case No.  4:19cv05-MW/CAS

**JULIE JONES, et al.,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a civil rights complaint, ECF No. 1, in which Plaintiff requests that he be transferred.  Plaintiff asserts that he is a 71 year old "non violent inmate" who is being purposefully housed with violent inmates and gang members. *Id.* at 1.  He contends he has experienced retaliatory transfers in 1995-96, in 2001, 2003, and again in 2008.  *Id.* at 2.  Plaintiff contends that after many years at Jefferson C.I., he was again retaliated against for filing grievances and transferred to Apalachee Correctional Institution in June 2016.  *Id.*  He appears to allege that he is entitled to a transfer either as an

elderly inmate or as a "good adjustment transfer." *Id.* at 3. His complaint also complains generally about due process violations, retaliation, tampering with his mail, and discrimination. *Id.* at 3-8. What Plaintiff has *not* alleged is that he is in imminent danger of serious physical injury.

Moreover, although Plaintiff submitted a complaint at the time of case initiation, Plaintiff did not pay the filing fee or file an in forma pauperis motion. It is unnecessary, however, to give Plaintiff time to either pay the fee or submit an in forma pauperis motion because judicial notice is taken that Plaintiff is not entitled to proceed with in forma pauperis status, and Plaintiff is well aware of that fact.

Plaintiff previously initiated case number 4:18cv423-RH/CAS in this Court. A Report and Recommendation was entered in that case on December 19, 2018, finding that Plaintiff's motion for in forma pauperis status should be denied and the case dismissed because Plaintiff "did not disclose that he has previously filed at least three prior actions which were dismissed as frivolous, malicious, or failing to state a claim." ECF No. 11 of that case. Moreover, Plaintiff had accumulated four strikes pursuant to 28 U.S.C. § 1915(g) and was not entitled to in forma pauperis status absent allegations which brought him within the exception to that statute. *Id.* at 3.

Plaintiff's complaint did not alleged "imminent danger of serious physical injury" and it was recommended that his case be dismissed. ECF No. 11 of case # 4:18cv423-RH/CAS. Thus, Plaintiff is well aware that if he seeks to initiate a new lawsuit, he must submit payment of the filing fee at the time of case initiation. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (explaining that "prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit.").

Here, Plaintiff has once again attempted to avoid disclosing all of his prior cases by not using the complaint form as required in this Court. *See* N.D. Fla. Loc. R. 5.7(A). Nevertheless, judicial notice is taken of Plaintiff's prior dismissals.

Plaintiff previously filed a civil rights complaint in this Court on May 24, 2010. Case # 4:10cv208-WS-WCS.[1] That case was dismissed on September 16, 2010, for failing to state a claim upon which relief may be granted. ECF Nos. 25-26. Plaintiff then filed an appeal of that dismissal

---

[1] The Court has confirmed that the cases cited were filed by Plaintiff James L. Tate, Jr., whose inmate number in the Department of Corrections is 874132.

Case No. 4:19cv05-MW/CAS

and his appeal was dismissed as frivolous. ECF No. 40 of that case. Those two dismissals count as two "strikes" for purposes of § 1915(g).

Plaintiff also initiated case number 8:11cv481 in the Middle District of Florida. That case was dismissed for failure to prosecute and Plaintiff appealed the dismissal. His appeal was dismissed as frivolous under § 1915(e)(2)(B)(i) and also counts as a "strike" for purposes of § 1915(g). That makes Plaintiff's third strike.

Additionally, Plaintiff initiated case number 6:10cv01257 in the Middle District of Florida as a petition for writ of mandamus. After dismissal, Plaintiff again filed an appeal. That appeal was dismissed as frivolous under § 1915(e)(2)(B)(i) and counts as Plaintiff's fourth strike for purposes of § 1915(g).

The Prison Litigation Reform Act of 1995 (PLRA) provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915:

> ... if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Case No. 4:19cv05-MW/CAS

28 U.S.C. § 1915(g).

Plaintiff has had four prior cases dismissed because they were frivolous, malicious, or failed to state a claim. As noted above, the only exception to § 1915(g)'s bar is if a prisoner alleges he is under imminent danger of serious physical injury. Plaintiff did not do so. Should Plaintiff desire to litigate the claims raised in this case, he should be required to file a complaint on the form required to be used in this Court, disclose all his prior cases, and simultaneously pay the filing fee at the time of case initiation.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be summarily **DISMISSED** because Plaintiff did not pay the filing fee at the time of case initiation and he is not entitled to proceed with in forma pauperis status pursuant to 28 U.S.C. § 1915(g). It is also **RECOMMENDED** that the Clerk of Court be directed to note the basis for dismissal on the docket.

**IN CHAMBERS** at Tallahassee, Florida, on January 14, 2019.

 S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**